UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rodrigo Galban Eguilos and Roderick Eguilos, | No. 2:22-CV-00614-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| Volkswagen Group of America, Inc. et al., | |
| Defendants. | |

    Plaintiffs Rodrigo Galban Eguilos and Roderick Eguilos bought an allegedly defective car from defendant Volkswagen Group of America, Inc. and sued Volkswagen in state court. Volkswagen removed the action to this court based on this court's diversity jurisdiction. Plaintiffs now move to amend their complaint to add a negligence claim against a non-diverse defendant, Rami Alsharif, who manages a shop where the car was serviced. If Alsharif were joined, the parties would no longer be diverse, so the plaintiffs also seek to remand this action to state court. For the following reasons, **the court denies both motions.**

**I.   BACKGROUND**

    In 2019, the plaintiffs bought an Audi SUV manufactured by Volkswagen. First Am. Compl. (FAC) ¶¶ 6, ECF No. 6. The car had problems. *Id.* ¶¶ 6–18. A few months later, after Volkswagen could not repair it, the plaintiffs filed a complaint in Sacramento County Superior

1

1  Court, asserting five claims against Volkswagen under the Song-Beverly Consumer Warranty
2  Act, Cal. Civ. Code § 1790 *et seq.*, California's "Lemon Law." Pl.'s Mem. at 4–5, ECF No. 13-1.
3  At that time, the plaintiffs named only Volkswagen as a defendant. Not. Removal Ex. A, ECF
4  No. 1-3. After Volkswagen was served and appeared, in April 2022, it removed the action to this
5  court under 28 U.S.C. § 1332, citing the parties' complete diversity and the amount in
6  controversy. *See generally* Not. Removal, ECF No. 1.

7  About a week later, the plaintiffs brought the car to a repair shop in Oakland, California,
8  and soon afterward, they filed an amended complaint, asserting negligence claims against the
9  alleged owner of that shop, Qvale Auto Group, Inc. *See* FAC ¶¶ 4, 42–47. Volkswagen's
10 counsel informed plaintiffs' counsel that Qvale no longer owned the repair shop the plaintiffs had
11 visited, and plaintiffs' counsel asked for Volkswagen's stipulation to further amend their
12 complaint to name the current owner, Swickard Oakland Corporation. *See* Yang Decl. Ex. 4 at 1–
13 2, ECF No. 13-6. Volkswagen's counsel did not consent; in his assessment, the negligent repair
14 claim was "improper in the first place." *Id.* at 1.

15 Two days later, the plaintiffs moved for leave to amend to assert a negligent repair claim
16 against yet another local defendant: Alsharif. *See generally* Mot., ECF No. 13; Mem., ECF No.
17 13-1; Proposed Second Am. Compl., ECF No. 13-5. Alsharif is allegedly the service manager at
18 a repair shop where plaintiffs took their car. *See* Proposed Second Am. Compl. ¶¶ 43–44. It is
19 unclear whether the repair shop where Alsharif works is the same repair shop the plaintiffs
20 identify in their current complaint. In any event, the plaintiffs claim Alsharif is a California
21 resident, so in addition to their request for permission to add a claim against him, they ask the
22 court to remand this action to state court. *See* Mem. at 2. Volkswagen opposes both motions, *see*
23 *generally* Opp'n, ECF No. 16, and the plaintiffs have replied, *see generally* Reply, ECF No. 18.
24 The court submitted the matter without a hearing. Min. Order, ECF No. 17.

25 **II.     LEGAL STANDARD**

26 If a plaintiff seeks to join a non-diverse defendant after a removal based on a federal
27 district court's diversity jurisdiction, "the court may deny joinder, or permit joinder and remand
28 the action to State court." 28 U.S.C. § 1447(e). "The language of § 1447(e) is couched in

permissive terms," and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Courts generally consider the following factors when deciding whether to deny or permit joinder of a non-diverse defendant:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*E.g.*, *Reyes v. FCA, LLC*, No. 20-008833, 2020 WL 7224286, at *3 (E.D. Cal. Dec. 8, 2020); *Sabag v. FCA US, LLC*, No. 16-06639, 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016). Claims of "fraudulent joinder," i.e., that a plaintiff's proposed claims against the new defendant are a meritless attempt to avoid federal court, are evaluated as part of this test. *See Reyes*, 2020 WL 7224286, at *4. "Any of these factors might prove decisive, and none is an absolutely necessary condition of joinder." *Sabag*, 2016 WL 6581154, at *4 (quoting *Cruz v. Bank of N.Y. Mellon*, No. 12-00846, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)).

**III.   ANALYSIS**

The court considers each of the six factors above in turn, in addition to whether the amount in controversy is greater than the jurisdictional amount.

**A.   Need for Joinder Under Rule 19(a)**

"A party may be necessary under Rule 19(a) in three different ways." *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). "First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(A)). "Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(i)). "Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an

existing party subject to inconsistent obligations because of that interest." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)).  Although courts consider this standard in determining whether to permit joinder under § 1447(e), Rule 19(a) is stricter and more specific than § 1447(e).  *Reyes*, 2020 WL 7224286, at *4.  The salient question for purposes of § 1447(e) is whether joinder will prevent separate and redundant actions.  *Taylor v. Honeywell Corp.*, No. 09-4947, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010).

The court cannot conclude that Alsharif's joinder will prevent separate and redundant actions.  Although the plaintiffs' claim against him is based on the same car, they do not say when it was repaired or whether that repair relates to the same defects of which they otherwise complain.  It is unclear whether the proposed claims against Alsharif are related to the claims against Volkswagen in anything but a superficial sense, i.e., both claims concern the same car.  For that reason, this case is unlike those in which plaintiffs have been permitted to assert negligent repair claims alongside their claims against the car's manufacturer.  In *Reyes*, for example, the plaintiff's negligent repair claim concerned the same alleged defects on the same car and otherwise all claims rested on the same factual foundation.  *See* 2020 WL 7224286, at *4–5.

Alsharif's role also goes mostly unexplained in the proposed second amended complaint.  The plaintiffs say only that they "took the subject vehicle for service at which Defendant Rami Alsharif is the Service Manager, where his duties include overseeing the service department." Yang Decl. ¶ 6, ECF No. 13-2 (capitalization normalized); *see also* Proposed Second Am. Compl. ¶ 43 (alleging similarly).  They do not explain what services Alsharif provided or even whether he was the Service Manager at the time plaintiffs brought the car to the repair shop.  This is, accordingly, not a case in which a dealership allegedly sold or serviced a car and was later joined in the claims against a manufacturer as a direct participant.  *See, e.g.*, *Reyes*, 2020 WL 7224286, at *8*; *Sabag*, 2016 WL 6581154, at *4; *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. 16-00949, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016).

Lastly, the plaintiffs have not explained why they could not obtain complete relief from Volkswagen alone.  *See Goines v. BMW of N. Am., LLC*, No. 16-09271, 2017 WL 10676597, at *3 (C.D. Cal. 2017).  Nor have they explained why they could not obtain complete relief from

4

Alsharif in a separate action. *See id.* In sum, the court cannot conclude that litigating the proposed claims against Alsharif with the claims against Volkswagen is necessary or even efficient. The first factor weighs against amendment.

### B. Whether the Statute of Limitations Would Preclude a New Action

"If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action." *Reyes*, 2020 WL 7224286, at *10 (quoting *Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-04987, 2017 WL 403495, at *3 (N.D. Cal. Jan. 31, 2017)). The plaintiffs do not specify when the allegedly negligent repair occurred, so it is unclear whether the limitations period has expired. This factor is neutral.

### C. Whether There Was Unexpected Delay in Requesting Joinder

"When determining whether to allow amendment to add a non-diverse party, courts consider whether the amendment was attempted in a timely fashion." *Sabag*, 2016 WL 6581154, at *5 (quoting *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999)). Several California district courts have held that if a plaintiff seeks leave to amend within a few months of the initial complaint or notice of removal, the delay is not unreasonable, provided the parties have not filed dispositive motions. *See Reyes*, 2020 WL 7224286, at *6 (three months); *see also Forward-Rossi*, 2016 WL 3396925, at *3 (five months). The plaintiffs filed this motion within three months of their initial complaint and about one month of the removal. No dispositive motions have been filed.

This timeline would seem to favor amendment. Courts have also considered, however, whether plaintiffs knew or should have known the facts and theories underlying their new claims when they filed their original pleading. *Goines*, 2017 WL 10676597, at *4. Holding claims in reserve until after removal can suggest improper motives. *See Taylor*, 2010 WL 1881459, at *2.

The timing of the plaintiffs' proposed amendment in this case raises that danger. As in *Goines*, nothing explains the plaintiffs' decision not to pursue negligent repair claims before the case was removed. *See Goines*, 2017 WL 10676597, at *4 (holding plaintiffs knew or had reason to know of repair facility's involvement long before filing motion to amend). Plaintiffs' only new factual allegation is that they brought the car to Alsharif's repair shop. *See* Proposed Second Am.

5

Compl. ¶ 43.  If Alsharif's allegedly negligent repair relates to the plaintiffs' claims against Volkswagen, they could likely have pursued a claim against him in their original pleading.  Even if their delay was the result of confusion about the correct ownership of the repair shop, the plaintiffs have not explained why they waited until after removal to join a defendant related to the repair shop.  This factor weighs slightly against amendment.

### D. Validity of Plaintiff's Claim Against the Non-Diverse Defendant

For purposes of § 1447(e), a plaintiff's proposed claim need only be facially viable. *Reyes*, 2020 WL 7224286, at *8.  This standard is more lenient than the standard for dismissal or summary judgment; the claim need not be plausible or stated with particularity.  *Id.*; *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018).  A claim is facially valid if a state court could find the complaint states a cause of action against the non-diverse defendant.  *Miranda v. FCA US LLC*, 497 F. Supp. 3d 880, 884 (E.D. Cal. 2020).

Volkswagen argues the plaintiffs' claim is not facially valid because they do not allege how Alsharif improperly stored, prepared, diagnosed, or repaired the car.  Opp'n at 11.  They point out that the plaintiffs' allegations are "empty boilerplate" language.  *Id.*  That is true, but the court is not currently deciding whether the proposed complaint states a claim under Rule 12(b)(6).  *See Miranda*, 497 F. Supp. 3d at 884 (holding there was a possibility for joined defendant to be liable for negligent repair although plaintiff failed to allege facts regarding storage and repair of vehicle).  It is possible a state court could find a negligent repair claim viable in these circumstances.  "One who undertakes repairs has a duty arising in tort to do them without negligence." *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019) (quoting *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970)) (applying California law).  Alsharif allegedly oversaw a service department where plaintiffs delivered their car for repair.

Volkswagen also argues the claim is invalid under the economic loss rule.  Opp'n at 9–11.  To apply the economic loss rule, courts first determine what product is at issue.  *Sabicer*, 362 F. Supp. 3d at 841.  Only then can a court determine whether the injury is to the product itself (for which recovery is barred) or to property other than the defective product (for which recovery is

allowed). *Id.* Generally, the economic loss rule would not bar recovery in tort for damages that the subcomponents of an engine cause to the engine as a whole or for damages that the engine caused to the vehicle in which it has been incorporated. *Id.*

The plaintiffs allege various components of their car were defective, including the safety and electrical system. FAC ¶ 12. If negligent repairs to different systems caused these defects, then the economic loss rule may not bar plaintiffs' claim, but the plaintiffs do not detail the allegedly negligent repair. Without more information, the court cannot conclude whether the negligent repair claim is barred by the economic loss rule. Overall, this factor does not weigh against amendment.

### E. Whether Joinder is Intended Solely to Defeat Jurisdiction

The question of a plaintiff's intentions is "intertwined" with the validity of the proposed claims. *Reyes*, 2020 WL 7224286, at *6 (quoting *Sabag*, 2016 WL 6581154, at *5–6). In some cases, courts have permitted joinder as long as the plaintiff has alleged a valid claim, even when the plaintiff appeared to be primarily concerned with defeating diversity jurisdiction. *Id.* at *6–7. In other cases, courts have inferred an improper motive when the plaintiff's proposed amended complaint contained only minor or insignificant changes to the original complaint. *See Clinco*, 41 F. Supp. 2d at 1083 n.2 (holding motive for joinder was to defeat federal jurisdiction where first amended complaint added one-sentence allegation to first cause of action and lightly altered sixth cause of action).

The plaintiffs' claim of negligent repair against Alsharif is facially valid, but overall, the circumstances of their request strongly suggest their sole motivation is returning to state court. As in *Clinco*, the plaintiffs' proposed second amended complaint adds only one new claim supported by a terse factual allegation: "Plaintiffs delivered the Vehicle to a repair facility at which [Alsharif] works as the Service Manager." Proposed Second Am. Compl. ¶ 43. The rest of the proposed second amended complaint is almost unchanged. This strongly implies an effort to defeat federal jurisdiction. *See Clinco*, 41 F. Supp. 2d at 1083 n.2.

Furthermore, the plaintiffs' current motion is the latest in a series of attempts to add claims against non-diverse defendants immediately after removal. The plaintiffs did not

7

originally assert a negligent repair claim, but soon after the action was removed, they brought their car to a local repair shop and asserted a new negligence claim against that shop, but only in the most formulaic and general terms.  When disputes arose about who owned the shop, they attempted to sue a service manager.  This factor weighs heavily against amendment.

### F.  Prejudice to Plaintiff

A plaintiff will be prejudiced if the proposed defendant is "crucial" to the case.  *Reyes*, 2020 WL 7224286, at *10.  A plaintiff will not be prejudiced if the court can accord complete relief without the proposed defendant.  *Id.*  As explained above, the plaintiffs can obtain complete relief from Volkswagen without Alsharif.  *See Goines*, 2017 WL 10676597, at *3.  This factor weighs against amendment.

### G.  Amount in Controversy

Finally, the plaintiffs argue in the alternative that Volkswagen has not established that more than $75,000 is in controversy.  *See* Mem. at 14.  A review of the operative complaint shows that well more than that amount is in dispute.

The plaintiffs seek damages equal to the amount they paid, more than $25,000.  *See* FAC at 10 & ¶¶ 7, 23; *see also* Cal. Civ. Code § 1794(b).  The plaintiffs also seek civil penalties under the Song-Beverly Act.  *See* FAC ¶ 24.  Civil penalties may be as much as two times the amount of damages.  *See* Cal. Civ. Code § 1794(c), (e)(1).  Civil penalties of more than $50,000 are thus in controversy.

These allegations would likely satisfy the jurisdictional threshold on their own; however, the plaintiffs also seek an award of attorneys' fees and costs under the Song-Beverly Act.  *See* FAC at 10 (citing Cal. Civ. Code § 1794(c), (e)).  "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Future fees may be included in this calculation.  *Fritsch v. Swift Transportation Co. of Ariz., LLC*, 899 F.3d 785, 795–96 (9th Cir. 2018).  District courts in California apply this rule to Song-Beverly Act claims.  *See, e.g.*, *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002).  Attorneys' fees in Song-Beverly Act cases frequently reach into the tens

8

of thousands, if not hundreds of thousands of dollars in the event of a trial.  *See, e.g.*, *Quinonez v. FCA US, LLC*, No. 19-2032, 2022 WL 2007429, at *4 (E.D. Cal. June 6, 2022); *Warren v. Kia Motors Am., Inc.*, 30 Cal. App. 5th 24, 28 (2018).  Very little in the way of fees would be necessary—if any at all—to raise the stakes of this dispute beyond $75,000.  The court thus finds that the complaint satisfies the jurisdictional requirements for 28 U.S.C. § 1332.

**IV.    CONCLUSION**

In sum, the relevant factors weigh against amendment, and the amount in controversy is greater than the jurisdictional amount.  The court **denies** the motion for leave to amend and to remand (ECF No. 13).

IT IS SO ORDERED.

DATED:  July 12, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE